## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Dorothy S. Bass

v.

Richmond Baseball, Inc., et al.

November 22, 1966

### By JUDGE A. CHRISTIAN COMPTON

You will find attached a copy of the order entered today which: overrules the motion to dismiss of Greater Richmond Civic Recreation, Incorporated; overrules the motion to quash service of process of Richmond Baseball, Incorporated; and, sustains the motion to dismiss of The City of Richmond.

### The Motion to Dismiss of GRCR, Inc.

This defendant seeks to bring itself within the protection of Code Section 8-653 and City Charter Section 10.04(b) both of which require written notice of a negligence claim "against any city or town" under the state statute and "against the city" under the charter section. This defendant asserts that the action of the plaintiff against it "is really against the city" because this corporation is controlled by the city.

The statute and charter section are both clear in their terms and have no application to an entity which does not qualify as a "city" or "town." Clearly this defendant does not come within such definition, therefore the motion to dismiss is overruled.

### The Motion to Dismiss of the City of Richmond

It is stipulated that no notice which would meet the statutory requirements was given in this case to this defendant. The plaintiff urges that since the city is not being sued in a "governmental capacity" that the above code and charter sections have no application. No authority has been cited to support this proposition and none has been found by the Court. (There is a general statement found in 38 Am. Jur., Municipal Corporations, p. 386, ftn. 18, which at first reading, seems to sustain this view. A reading of the case cited to support this statement reveals that it is not authority for the plaintiff's position here.) Moreover, a municipality is generally not liable for its negligent acts while it is engaged in the performance of a governmental function (13 M.J. Municipal Corporations, p. 466, ftn. 1), therefore if the plaintiff's position be correct (i.e., that the statute applies only when the city is sued for negligent acts committed while performing a governmental function) the enactment of such a statute providing for notice of the claim would be unnecessary.

The city's motion is sustained and it is dismissed as a party to this action.

### The Motion to Quash Service of Process of Richmond Baseball, Inc.

This defendant, a Virginia corporation, was dissolved on February 3, 1965, by consent of its sole stockholder. No change in the registered agent or registered office has taken place since the date of dissolution. The process in this case was served on such registered agent at the registered office on July 15, 1966, about $17\frac{1}{2}$ months after dissolution. This defendant asserts that its registered agent acting at

the time of dissolution is not its agent for service of process after such dissolution.

While the Virginia Corporation Law which became effective on January 1, 1957, makes no specific provision as to the service of process upon a dissolved corporation for suit brought to enforce causes of action arising before dissolution, the Act is entitled to a liberal construction to effectuate the purpose of the legislature to simplify procedures and to accomplish a reversal of the common law rule of abatement of actions upon dissolution. United States v. Village Corporation, 298 F.2d 816, 819 (4th Cir. 1962), 4 M.J., Corporations, Section 276.

Code Section 13.1-11 provides that the registered agent shall be the agent of a corporation "upon whom any process . . . required or permitted by law to be served upon the corporation may be served." (emphasis added). Clearly the existence of the corporation continues without limitation of time for the purpose of suits (except, of course, such limitation as may apply to the particular cause of action) after the certification of dissolution is issued. See Code Section 13.1-90 and Village Corporation, supra, at page 818. Furthermore, the remedy available against any such dissolved corporation survives under Code Section 13.1-101. Therefore if the corporation continues in existence after dissolution for the purpose of suits and the remedy is available after dissolution, certainly process in an action such as here under consideration is the "any process . . . permitted by law" referred to in Section 13.1-11 and it therefore may be served upon the person who was the registered agent at the time of dissolution when, as here, there has been no change of such agent.

For these reasons the motion to quash process is overruled.